UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| In Re: ) <br> ) <br> DAVID EUGENE POPLIN, ) <br> ) <br> Debtor. ) <br> ) <br> _____ ) <br> ) <br> BARRY L. SOLOMON, Trustee ) <br> ) <br> Appellant ) <br> ) <br> v. ) <br> ) <br> WESTERN EXTERMINATOR COMPANY, ) <br> ) <br> Appellee. ) <br> ) | 3:08-CV-0560-LRH-VPC <br><br> <u>ORDER</u> |

Before the court is an appeal from an order from the bankruptcy court dismissing appellant's complaint for failure to effect service pursuant to Fed. R. Civ. P. 4(m). Doc. #1[1]. Appellant Barry L. Solomon (the "Trustee") filed his opening brief on January 15, 2009. Doc. #8. Appellee Western Exterminator Company ("Western") filed its answering brief on January 30, 2009. Doc. #9. Thereafter, the Trustee filed a reply brief on February 9, 2009. Doc. #12.

**I.  Facts and Procedural History**

The debtor, David Poplin, filed a voluntary chapter 7 bankruptcy. On September 18, 2003,

---

[1] Refers to the court's docketing number.

the Trustee filed a recovery action against numerous defendants, including Western. Western was served with the complaint on January 20, 2004, after the 120-day period for service. Western filed a motion to dismiss for failure to timely serve. The bankruptcy court granted the motion and held that the Trustee had not shown good cause for the untimely service.

Thereafter, the Trustee appealed to the district court. *See* Doc. #1, case no. 3:04-cv-0253-LRH-VPC. On appeal, the district court remanded the matter to the bankruptcy court to elaborate upon an issue which was not made clear by the record. Doc. #11, case no. 3:04-cv-0253-LRH-VPC. Specifically, the bankruptcy court was asked to determine if "it was aware that good cause was not necessary for it to have granted additional time for service," and whether "it would still deny additional time for service" in light of its broad discretion. *Id.* The district court held that if the bankruptcy court ruled in the affirmative, the dismissal order would be affirmed in its entirety. *Id.*

On remand, the bankruptcy court concluded that it was aware that it had broad discretion to grant additional time for service even without a showing of good faith, but declined to exercise its discretion. *See* Doc. #1. The bankruptcy court affirmed its prior order of dismissal and the Trustee filed the present appeal. *Id.*

## II.     Discussion

The Trustee appeals the bankruptcy court's dismissal of the complaint against Western for failure to effect service pursuant to Fed. R. Civ. P. 4(m). Doc. #1. Pursuant to Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Trustee argues (1) that the bankruptcy court erred in finding that there was not good cause which would have required the court to extend the time for service, and (2) that the bankruptcy court erred in declining to exercise its broad discretion to extend the time for service even in the absence of good cause. Doc. #8.

2


**Good Cause**

A district court reviews a bankruptcy court's findings of fact for clear error. *In re Rucker*, 570 F.3d 1155, 1160 (9th Cir. 2009). A bankruptcy court's findings are clearly erroneous when the reviewing court "is left with a definite and firm conviction that a mistake has been committed." *In re Clark*, 262 B.R. 508, 514 (9th Cir. BAP 2001). The Trustee argues that the bankruptcy court erred in finding that the Trustee had not shown good cause for the late service.

The bankruptcy court found that the Trustee had not shown good cause for the late service because: (1) the Trustee knew where and how to serve Western four months prior; (2) he made a conscious decision to wait to serve the defendants until after the debtor had been served; (3) he was not so seriously ill on the 120th day that he couldn't put the complaint and summons in the mail; and (4) the Trustee gave no satisfactory explanation as to why he simply could not have gone ahead and served Western in the preceding 119 days. *See* Doc. #1.

After reviewing the record, the court finds that the bankruptcy court did not commit clear error. The Trustee provides no explanation as to why it could not serve Western within 120 days. *See* Doc. #8. Therefore, the bankruptcy court's finding that the Trustee did not have good cause is affirmed.

**Exercise of Discretion**

Absent a showing of good cause, the bankruptcy court has the discretion to dismiss the complaint or extend the time period for service. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing *Petrucelli v. Bohringer & Ratzinger, GmbH*, 46 F.3d 1298, 1305 (3rd Cir. 1995); *see also, Henderson v. United States*, 517 U.S. 654, 662 (1996); *In re Waldner*, 183 B.R. 879, 881 n.2 (9th Cir. BAP 1995). Here, the bankruptcy court declined to exercise its broad discretion and instead dismissed the complaint against Western. Doc. #1. The Trustee argues that this decision was in error.

The dismissal of a complaint for failure to timely serve a complaint is reviewed for abuse of

3

discretion. *In re Sheehan*, 253 F.3d at 511. A bankruptcy court abuses its discretion when its decision is a clear error of law. *Redfield v. Insurance Co. of N. America*, 940 F.2d 542, 544 (9th Cir. 1991) (citing *United States v. Washington*, 935 F.2d 1059, 1061 (9th Cir. 1991)).

The bankruptcy court declined to extend the time for service because it did not want to reward or "relieve the plaintiff of his own delay." Doc. #1. The Trustee made a conscious decision in managing the litigation to wait and serve the defendants after he served the debtor and he defaulted in order to reduce the time he had to spend at hearings and conferences. It was the Trustee's decision, and his decision alone, to serve Western late and, because of his decision, the bankruptcy court did not extend the time for service. Declining to extend the time for service when it was a plaintiff's choice to serve a defendant late is not an abuse of discretion. *See e.g., Hason v. Medical Board of California*, 279 F.3d 1167, 1174 (9th Cir. 2002) (affirming dismissal for delayed service when plaintiff made a conscious decision to serve defendant late). Based upon the record before the court, the bankruptcy court did not abuse its discretion in dismissing the complaint in light of the plaintiff's conscious decision to effect late service.

IT IS THEREFORE ORDERED that the bankruptcy court's rulings are AFFIRMED and the appellant's bankruptcy appeal (Doc. #1) is DENIED.

IT IS SO ORDERED.

DATED this 21st day of September, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE